UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN F.[1],

                       Plaintiff,

v.                                                                                             CASE # 20-cv-01003

COMMISSIONER OF SOCIAL SECURITY,

                       Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>600 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | BRANDI C. SMITH, ESQ.<br>KENNETH R. HILLER, ESQ.<br>LEWIS L. SCHWARTZ, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | JASON P. PECK, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative

---

[1] In accordance with Standing Order in November 2020, to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify plaintiff by first name and last initial.

record is **GRANTED**, the defendant's motion for judgment on the administrative record is **DENIED,** and the decision of the Commissioner is **REMANDED**.

I.   **RELEVANT BACKGROUND**

   A.   **Factual Background**

Plaintiff was born on March 15, 1975 and has at least a high school education. (Tr. 185, 190). Plaintiff alleged disability based on bipolar disorder, anxiety with panic attacks, depression, obesity, and high blood pressure. (Tr. 189). His alleged onset date of disability is December 31, 2010 and his date last insured December 31, 2011. (Tr. 185, 261).

   B.   **Procedural History**

On April 18, 2017, plaintiff applied for a period of Disability Insurance Benefits (SSD) under Title II of the Social Security Act. (Tr. 168). On May 8, 2017, plaintiff applied for a period of Supplemental Security Income Benefits under Title XVI of the Social Security Act. (Tr. 169). Plaintiff's applications were initially denied, after which he timely requested a hearing before an Administrative Law Judge (ALJ). On April 25, 2019, plaintiff appeared before the ALJ, Theodore Kim. (Tr. 33-48). On May 21, 2019, ALJ Kim issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 12-28). On June 4, 2020, the Appeals Council denied plaintiff's request for review. (Tr. 1-4). Thereafter, plaintiff timely sought judicial review in this Court.

   C.   **The ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2011.

2. The claimant has not engaged in substantial gainful during since December 31, 2010 the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et. seq.*).

3. The claimant has the following severe impairments: bipolar mood disorder; depression; obsessive compulsive disorder ("OCD"); panic disorder with agoraphobia; and obesity (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels, but with the following nonexertional limitations. The claimant can occasionally kneel, crouch, stoop, balance, and crawl, and can occasionally climb stairs and ramps. The claimant can never climb ladders, ropes and scaffolds, and can never be exposed to unprotected heights and moving mechanical parts. In addition, the claimant is able to understand, carry-out, and remember simple instructions, and make simple work-related decisions. The claimant can occasionally deal with changes in a routine work setting. The claimant will be off task 10% of the workday.

6. The claimant has no past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on March 15, 1975 and was 35 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 FCR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from December 31, 2010 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 12-28).

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff argues the ALJ failed to properly evaluate the medical opinion from treating source Dr. Reichert. (Dkt. No. 12 at 12 [Plaintiff's Mem. of Law]).

### B.     Defendant's Arguments

In response, defendant asserts substantial evidence supports the ALJ's RFC finding and evaluation of medical opinions. (Dkt. No. 13 at 12 [Defendant's Mem. of Law]).

## III.    RELEVANT LEGAL STANDARD

### A.     Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where

evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.      Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

**IV.    ANALYSIS**

On January 18, 2017, the Social Security Administration published revisions to its regulations regarding the evaluation of medical evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15,132 (Mar. 27, 2017)). The revised regulations became effective on March 27, 2017. Id. Several important regulatory changes apply strictly to claims filed on or after March 27, 2017. See, e.g., 20 C.F.R. § 404.1520c (explaining how an adjudicator considers medical opinions for claims filed on or after March 27, 2017). Plaintiff filed his claim for Title II benefits on April 18, 2017 and for Title XVI benefits on May 8, 2017 rendering these regulatory changes applicable to his claim. (Tr. 168, 173).

The revised regulations significantly alter how the agency considers medical opinions and prior administrative medical findings for claims filed on or after March 27, 2017. See 20 C.F.R. § 404.1520c. As an initial matter, the regulations no longer use the term treating source; instead, they use the phrase your medical source(s) to refer to whichever medical sources a claimant chooses to use. See 20 C.F.R. § 404.1520c. More importantly, the Commissioner chose not to retain the treating source rule which could require deference to treating source opinion evidence. 82 Fed. Reg. at 5853. In evaluating claims filed March 27, 2017, or later, the agency will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from the claimant's own medical sources. 20 C.F.R. § 404.1520c(a). Rather, the ALJ focuses on the persuasiveness of the medical opinion(s) or prior administrative medical finding(s) using the following five factors:

1. Supportability
2. Consistency
3. Relationship with the claimant (which includes)
    (i)   Length of the treatment relationship

        (ii) Frequency of examinations
        (iii) Purpose of the treatment relationship
        (iv) Extent of the treatment relationship
        (v) Examining relationship
4. Specialization
5. Other Factors

20 C.F.R. § 404.1520c(a)-(c).

In determining how persuasive the ALJ finds a medical source's medical opinions or prior administrative medical findings to be, the most important factors are supportability and consistency. The ALJ is not required to explain how the remaining factors were considered. *Id.* at (b)(2).

Plaintiff contends the ALJ failed to adequately evaluate the supportability and consistency of the opinion from plaintiff's treating psychiatrist, Dr. Reichert, who completed a medical opinion on March 4, 2019. (Tr. 499-502). He described clinical findings that demonstrated the severity of plaintiff's mental impairment and identified the following signs and symptoms of plaintiff's impairments:

> anhedonia or pervasive loss of interest in almost all activities; decreased energy; blunt, flat or inappropriate affect; feelings of guilt or worthlessness; generalized persistent anxiety; mood disturbance; difficulty thinking or concentrating; pathological passivity; persistent disturbances of mood or affect; apprehensive expectation; emotional withdrawal or isolation; bipolar syndrome with a history of episodic periods manifested by the full symptomatic picture of both manic and depressive syndromes (and current characterized by either or both syndromes); sleep disturbances; and recurrent severe panic attacks manifested by a sudden unpredictable onset of intense apprehension, fear, terror, and sense of impending doom occurring on the average of at least once a week. (Tr. 500).

Dr. Reichert concluded plaintiff had marked limitations with his ability to concentrate, persist, or maintain pace and adapt or manage oneself and moderate limitations in his ability to understand, remember, or apply information and interact with others. (Tr. 501). He anticipated plaintiff's impairments or treatment would cause him to be absent from work more than 4 days per month. (Tr. 502). ALJ Kim found the opinion less persuasive and explained it was not consistent with the record as a whole and that Dr. Reichert provided no support or explanation within the

7

opinion. (Tr. 25). Defendant argues no further analysis was required because the ALJ stated "as previously noted, there is little support in the record overall for such extreme limitations." (Tr. 25; Dkt. No. 13 at 10). Looking at the decision as a whole, this Court is unable to glean any further analysis clarifying how the ALJ considered the opinion because the referenced medical evidence, and other opinion evidence, are not inconsistent.

It is not clear how Dr. Reichert's treatment notes were inconsistent with his opinion of signs and symptoms experienced by plaintiff. Plaintiff consistently reported anxiety, panic attacks, difficulty leaving the house due to panic, and trouble with his nerves, despite taking medication. (Tr. 427, 430, 432, 433, 435, 438, 461, 470, 474, 487, 491, 493, 495, 497). He reported ruminating and worrying at times. (Tr. 429, 461). He consistently reported having decreased or no motivation, low mood, and low or poor energy, and frequently displayed subdued mood on examination. (Tr. 427, 430, 433, 436, 461, 470, 471, 474, 475, 478, 479, 487, 491, 492, 495). He was noted to report fair or decreased concentration. (Tr. 427, 430, 433, 436, 470, 474, 478, 483, 487, 491, 495). The ALJ's summary of treatment records reflects the waxing and waning of symptoms and periods of improvement followed by periods of increasing depression and anxiety. (Tr. 22-24). While the defendant is correct that the RFC finding need not track any medical opinion, an ALJ still must construct an accurate and logical bridge between his recitation of the facts and the conclusions he reached. *Smith v. Comm'r of Soc. Sec.*, No. 19-CV-6194-LJV, 2020 WL 4904956, at *3 (W.D.N.Y. Aug. 19, 2020) (remanding where medical opinion found plaintiff was "moderately to markedly limited in standing, walking, lifting, or carrying,...but the ALJ did not explain how that led him to conclude that [plaintiff] could lift [and] carry...ten pounds frequently and twenty pounds occasionally, let alone occasionally climb ramps and stairs, balance, stoop, kneel, crouch, or crawl." (citations & internal quotation marks omitted)).

Dr. Reichert's opinion was also consistent in part with other medical opinion evidence, which the ALJ ignored. On July 18, 2017, agency consultative psychologist Dr. Ippolito assessed moderate limitations in plaintiff's ability to interact adequately with supervisors, co-workers and the public and sustain concentration and perform a task at a consistent pace. He further found moderate to marked limitations in plaintiff's ability to regulate emotions, control behavior and maintain well-being. (Tr. 463). Dr. Ippolito concluded that the results of the evaluation were consistent with psychiatric problems and may significantly interfere with the plaintiff's ability to function on a daily basis. (*Id.*). ALJ Kim found this assessment somewhat persuasive and somewhat consistent with the medical evidence but only included limitations to account for the moderate limitations to attention, concentration and maintaining pace. (Tr. 24-25). Despite the fact that Dr. Ippolito's opinion of moderate limitations interacting with others was consistent with Dr. Reichert's opinion, the ALJ relied only on the exam findings that he was cooperative, with fluent and coherent speech, and the ability to attend group therapy twice a month to conclude there were no more than mild limitations. (Tr. 25). The ALJ also dismissed any problems with adapting and managing oneself because he was found to be well-groomed with appropriate mode of dress and good personal hygiene during the one-time examination. (Tr. 25). However, as previously summarized by ALJ Kim in the decision, the treatment record included multiple inpatient stays during the period at issue and waxing and waning of symptoms with multiple medication adjustments and changes. (Tr. 22-23). Therefore, the ALJ failed not only to consider the consistency factor as it related to the comparison between medical source's opinions but also other evidence outside of the opinion. See 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

The ALJ's conclusory finding that the more extreme limitations in the opinions were not supported by plaintiff's presentation at the consultative exam, or during periods of improvement, overlooks periods during which plaintiff's functioning was noted to be impaired. It is well-

established that an ALJ cannot simply pick out a few isolated instances of improvement over a period of months or years and treat them as a basis for concluding a claimant is capable of working. *Kelly M. v. Commissioner*, 2020 U.S. Dist. LEXIS 219405 at *14, 2020 WL 6866377 (W.D.N.Y. 2020)(quoting *Estrella v. Berryhill*, 925 F.3d 90, 97 (2d Cir. 2019)). *See also Molina v. Saul*, 2019 U.S. Dist. LEXIS 176606 at *103-*104, 2019 WL 5287943 (S.D.N.Y. 2019)(the ALJ should not assume that the claimant lacks a disabling condition merely because certain mental status examinations reflect no abnormality). In sum, the ALJ's consideration of the medical opinions and prior administrative medical findings were not sufficient and remand is required.

Defendant's argument that Dr. Reichert's assessment was only applicable to a Step 3 determination because it was labeled as a Mental Impairment Questionnaire (Listings) is unavailing. It is well established that a Step 3 determination is not an RFC assessment, but instead is used to rate the severity of mental impairment. See SSR 96-8p. Notably, the ALJ never discussed Dr. Reichert opinion when making the Step 3 determination despite the form content indicating plaintiff's bipolar disorder and anxiety disorder satisfied the Listing requirements. (Tr. 19-20).

Furthermore, there is a problematic inconsistency between the ALJ's Step 3 and RFC determinations. To be sure, a determination made at Step 3 need not carry over verbatim to the ultimate RFC determination because the two determinations require distinct analysis. See *Race v. Colvin*, No. 1:14-CV-1357, 2016 WL 3511779, at *3 (N.D.N.Y. May 24, 2016). Nevertheless, the ALJ's RFC determination should still be proper, internally consistent, and supported by substantial evidence. *Id.* at *3. Here, the ALJ found more severe limitations in the RFC than listed in the Step 3 finding without explanation. ALJ Kim found only mild difficulties in understanding, remembering or applying information, interacting with others, and managing oneself. (Tr. 18-19). Moderate limitations were found in concentrating, persisting or maintaining pace. (Tr. 19). Despite the mild findings at the Step 3 determination, the ALJ limited plaintiff to simple instructions and

simple work-related decisions, with the ability to occasionally deal with changes in a routine work setting and off-task 10% of the workday. (Tr. 20-21). The only explanation for the non-exertional limitations in the RFC analysis is that they accounted for plaintiff's experience of pain related to a combination of his impairments, including obesity. (Tr. 24). Plaintiff did not attribute any of his mental limitations to his obesity and the issue of weight, physical limitations, or pain were not discussed at the hearing. At the physical consultative examination, the plaintiff was reported to have no physical limitations. (Tr. 24). The ALJ found the opinion of no physical limitations was persuasive and consistent with the evidence. (*Id.*). Therefore, regardless of failure to consider the Listing opinion by Dr. Reichert, this Court similarly cannot follow the ALJ's reasoning or reconcile his inconsistent findings concerning the limitations discussed at Step 3 with the RFC. Remand is therefore also appropriate to resolve the internal inconsistency.

ACCORDINGLY, it is

ORDERED that plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **GRANTED**; and it is further

ORDERED that defendant's motion for judgment on the pleadings (Dkt. No. 13) is **DENIED**; and it is further

ORDERED that this matter is **REMANDED** pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: August 27, 2021        *J. Gregory Wehrman*
Rochester, New York        HON. J. Gregory Wehrman
       United States Magistrate Judge